IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOYCE YVONNE CLEMMONS, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | NO. 1:12-CV-01433-TWT-JFK |
| ANIMAL CARE & CONTROL OF NYC, | |
| Defendants. | |

**FINAL REPORT AND RECOMMENDATION**

Pending before the court is Defendant Animal Care & Control of NYC's motion [Doc. 4], pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3), to dismiss the case or, in the alternative, pursuant to 42 U.S.C. §§ 1404(a) and 1406(a), to transfer the case to the Southern District of New York, for improper venue. Defendant contends that Plaintiff Joyce Yvonne Clemmon's employment discrimination complaint, seeking relief under 42 U.S.C. § 2000e-5, is not properly filed in this District. [Id.]. Plaintiff responded opposing the motion to dismiss but joining in the request to transfer the case to the Southern District of New York. [Doc. 6].

## I.  Background Facts

On April 24, 2012, Plaintiff, who is proceeding *pro se*, filed a civil complaint in this court alleging a violation of 42 U.S.C. § 2000e-5 due to Defendant's alleged discrimination against Plaintiff in the terms and conditions of her employment. Plaintiff alleges discrimination based on her race and religion, as well as her disability, and for retaliation.[1]  [Doc. 1].  In the complaint, Plaintiff states that Defendant's principle office is located in New York City, New York.  [Id., ¶ 2].  She further alleges that all of the actions underlying her claims of discrimination and retaliation occurred while she was employed by Defendant in New York.  [Id., ¶ 8].  On February 23, 2009, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race, religion, retaliation and disability, and the EEOC issued a right to sue letter on January 24, 2012.  [Doc. 1, Attachments].

Additional facts will be set forth as necessary during discussion of Defendant's motion.

---

[1] Although Plaintiff utilized the form Title VII complaint in filing her cause of action, the court finds that she has also pled a claim pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

**II.    Discussion**

Defendant's motion to dismiss or transfer is brought pursuant to Rule 12(b)(2)[2] and (b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404(a)[3] and 1406(a).[4]  Once a defendant challenges venue through a Rule 12(b)(3) motion, the burden is on the plaintiff to show that venue in the forum is proper.  See Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir. 2006) (citing Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990)); Pritchett v. Paschall Truck Lines, Inc., 714 F. Supp. 2d 1171, 1172 (M.D. Ala. 2010).  "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Darby v. U.S. Dep't of

---

[2] Due to the court's recommendation that Defendant's motion to dismiss should be denied in lieu of transfer to the Southern District of New York, the court will not separately address Defendant's arguments made pursuant to Rule 12(b)(2).

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

[4] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

3

Energy, 231 F. Supp. 2d 274, 276-77 (D. D.C. 2002). And, "[t]o prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." Id. at 277. In this regard, "[f]or defenses raised under subsections (1) through (5) [of Rule 12(b),] the Court may consider matters outside the pleadings, and often must do so, since without aid of such outside materials the Court would be unable to discern the actual basis, in fact, of a party's challenge to the bare allegation in the complaint that, as here, venue is proper in this Court." Thomas v. Rehabilitation Services of Columbus, Inc., 45 F. Supp. 2d 1375, 1377 (M.D. Ga. 1999); accord Pritchett, 714 F. Supp. 2d at 1172 (same). Thus, the court may rely on matters presented outside the pleadings, as well as the facts set forth in the complaint, to resolve this issue.

The general federal venue statute for civil actions is 28 U.S.C. § 1391, and courts determine whether venue is proper under this statute "except as otherwise provided by law." 28 U.S.C. § 1391(b). Title VII, however, has its own venue provisions. See 42 U.S.C. § 2000e-5(f)(3).[5] As the Eleventh Circuit Court of Appeals

---

[5]The court finds that the special venue provisions of Title VII apply to any claims brought by Plaintiff for disability discrimination under the ADA. See James v. Verizon Services Corp., 639 F. Supp. 2d 9, 11 n.3 (D. D.C. 2009) (finding that the ADA incorporates by reference the special venue provisions of Title VII) (citing 42 U.S.C. § 12117(a)); Beavers v. Express Jet Holdings, Inc., 421 F. Supp. 2d 994, 996-

4

has explained, "The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases." Pinson, 192 Fed. Appx. at 817; see also Pritchett, 714 F. Supp. 2d at 1173 ("Title VII includes its own venue provision . . . which supersedes the general venue provision of § 1391."); Kravec v. Chicago Pneumatic Tool Co., 579 F. Supp. 619, 621 (N.D. Ga. 1983) ("[v]enue for civil actions alleging employment discrimination is governed by 42 U.S.C. § 2000e-5(f)(3)"). In the response to the motion, Plaintiff does not dispute that § 2000e-5(f)(3) governs the determination of whether venue is proper in this district. In fact, as noted *supra*, Plaintiff agrees with Defendant's argument that venue in this District is not proper for her Title VII and ADA causes of action. [Doc. 6].

Section 2000e-5(f)(3) provides in pertinent part:

Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the

---

97 (E.D. Tex. 2005) (same); Benton v. England, 222 F. Supp. 2d 728, 730-31 (D. Md. 2002) (same).

> judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.[6]

There is no dispute that "[t]he three choices for venue set forth above should strictly govern claims under Title VII." Morrow v. Federal Aviation Administration, 573 F. Supp. 52, 53 (S.D. Miss. 1983); see also Stacy v. Hilton Head Seafood Co., 688 F. Supp. 599, 604 n.2 (S.D. Ga. 1988) (superseding opinion) ("Title VII's venue provisions are exclusive; they do not merely supplement the general venue provisions of 28 U.S.C. § 1391."); Kravec, 579 F. Supp. at 622 ("claims brought under Title VII are strictly governed by the venue provisions of § 2000e-5(f)(3) rather than by the general venue statute, 28 U.S.C. § 1391"). Furthermore, as noted by the court in Foxx v. Dalton, 46 F. Supp. 2d 1268, 1275 (M.D. Fla. 1999), "It was the clear intent of Congress to allow lawsuits such as these to only be brought in districts that are concerned with the alleged employment discrimination." That district in this case is not the Northern District of Georgia.

---

[6]This section also provides that "if the respondent is not found within any such district, an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). "This provision only comes into play when defendant cannot be found in any of the other judicial districts provided for." Kravec, 579 F. Supp. at 622 n.2.

Having determined that venue is improper in the Northern District of Georgia, the court next addresses the relief to be granted. Rule 12(b)(3) provides that a court will dismiss or transfer a case if venue is improper or inconvenient in a plaintiff's chosen forum. Fed. R. Civ. P. 12(b)(3). Additionally, if a case is filed in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. See also 28 U.S.C. 1404 (allowing for the transfer of venue).[7] "This statutory language is sufficiently broad 'to authorize the transfer of cases, however, wrong the plaintiff may have been in filing his case as to venue.'" Pritchett, 714 F. Supp. 2d at 1175 (citation omitted). Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district rather than dismiss them. See Goldlawr, Inc. v. Heiman, 82 S. Ct. 913, 916 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

Defendant makes no fact specific arguments, beyond those demonstrating that venue is not proper in this district, supporting dismissal in lieu of transfer. [Doc. 4 at

---

[7] Given the court's recommendation to transfer venue pursuant to § 1406(a), the court will not address Defendant's arguments for transfer under § 1404(a).

7

3-5]. On the other hand, if the court dismisses Plaintiff's complaint instead of transferring the case to the Southern District of New York, the statute of limitations found in Title VII, and for that matter in the ADA, will bar Plaintiff's causes of action. The EEOC mailed to Plaintiff the right to sue letter on January 24, 2012. [Doc. 1, Attachment]. Plaintiff had ninety-days from receipt of that letter to file her Title VII and ADA complaint, that is, on or about April 27, 2012. See 42 U.S.C. § 2000e-5(f)(1); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002) (citing Maynard v. Pneumatic Products Corp., 256 F.3d 1259, 1263 (11th Cir. 2001)). Therefore, "[i]f the Court were to dismiss Plaintiff's case for improper venue, she would be time-barred from filing her claims in another, proper venue." Pritchett, 714 F. Supp. 2d at 1175; see also Curry v. Gonzales, 2006 WL 3191178, at *4 (N.D. Ga. October 31, 2006) ("If the Court were to dismiss Plaintiff's civil action for improper venue, Plaintiff's attempt to refile his civil action in a jurisdiction with proper venue would be time-barred because it would occur well after the 90 day filing requirement under Title VII. As a result, Plaintiff's civil action should be transferred.") (citations omitted); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) (finding that transfer of the case pursuant to either § 1404 or § 1406 to the district with venue was in the interest of justice due to fact the statute of limitations had otherwise run on the

plaintiff's claims). The court finds that the interest of justice supports a transfer of this case to the Southern District of New York.

## III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motion [Doc. 4] to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3) be **DENIED** and that Defendant's alternative request [Doc. 4] to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a) be **GRANTED**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 22nd day of October, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE